UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CENTSLESS CREATIONS LLC & ASSOCIATES *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTH BEND POLICE DEPARTMENT *et al.*, <br><br> Defendants. | CAUSE NO. 3:23-CV-628 DRL-MGG |

OPINION AND ORDER

Clauzetta Shinaul, Robin Peppers, Kent Lackland, and Jasmine Lopez filed an amended *pro se* complaint against the South Bend Police Department, South Bend Code Enforcement, and the St. Joseph County Prosecutor's Office. They allege that the defendants violated their Fourth and Fourteenth Amendment rights to be free from unlawful searches and seizures. The South Bend Police Department and South Bend Code Enforcement moved to dismiss the complaint against them, arguing that they are not suable entities under Indiana law.

BACKGROUND

Accepting all well-pleaded allegations as true and taking all reasonable inferences in the plaintiffs' favor, these facts emerge for today's purposes. Although not entirely clear from the face of the complaint, it seems that Mr. Peppers owns property and a business in South Bend, Indiana. On January 20, 2023, South Bend Police came to his property and seized custom art vehicles that he owned [4 at 4]. The police detained Ms. Lopez, who works for Mr. Peppers [4 at 4], and officers took custody of a homestead vehicle owned by Ms. Lopez and Mr. Lackland [4 at 4].

Ms. Shinaul, Mr. Peppers, Mr. Lackland, and Ms. Lopez filed their initial complaint on July 3, 2023 [1] and an amended complaint on August 18, 2023 [4]. The South Bend Police Department and

South Bend Code Enforcement filed a motion to dismiss for failure to state a claim on October 30, 2023 [11]. The plaintiffs responded to that motion on November 2, 2023 [14], and the defendants filed their reply on November 7, 2023 [15]. After the motion to dismiss had been fully briefed, the plaintiffs filed a motion to amend [22, 24]. The court granted this motion on November 29, 2023 and gave the plaintiffs until December 13, 2023 to file a second amended complaint [24]. The plaintiffs chose not to file a second amended complaint.

On January 5, 2024 instead, they filed a motion requesting a trial date [25]. This motion had a modified caption identifying new parties, but it was not a second amended complaint or amended pleading of any kind. Because the plaintiffs chose not to file a second amended complaint and the motion to dismiss is fully briefed, the court decides the motion to dismiss based on the amended complaint.

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiffs' favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Ashcroft,* 556 U.S. at 678. A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

DISCUSSION

The South Bend Police Department and South Bend Code Enforcement move to dismiss the complaint because they are not suable entities. They are right. Though "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted), even under relaxed pleading standards, plaintiffs can only proceed against a suable entity. In their response, Ms. Shinaul, Mr. Peppers, Mr. Lackland, and Ms. Lopez do not address the issue of whether the defendants are suable entities. Instead, they focus on reiterating their claims under the Fourth and Fourteenth Amendments and attempt to introduce new claims under the Fifth Amendment and Indiana state law. Nothing in their response changes the fact that they have sued entities that cannot be sued.

Local government liability depends on state law. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 786 (1997). In Indiana, a "[m]unicipal corporation" is a "unit,… or other separate local governmental entity that may sue or be sued." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting Ind. Code § 36-1-2-10). Unit refers to a "county, municipality, or township." *Id.* (citing Ind. Code § 36-1-2-23). Under Indiana's statutory scheme, municipal police departments cannot sue or be sued. *Sow*, 636 F.3d at 300; *Harrison v. South Bend Police Dep't*, 2020 U.S. Dist. LEXIS 113023, 5 (N.D. Ind. 2020). The South Bend Police Department is not a suable entity, so the court dismisses the claims against it.

The next question is whether South Bend Code Enforcement is a separate entity that may be sued under Indiana law. Indiana law provides that a "city legislative body shall, by ordinance… establish the executive departments that it considers necessary to efficiently perform the administrative functions required to fulfill the needs of the city's citizens." Ind. Code § 36-4-9-4(a). State law authorizes departments for code enforcement. Ind. Code § 36-4-9-4(c)(7). South Bend Code Enforcement (now the Neighborhood Services & Enforcement department) was established by the City of South Bend and

3

operates under the jurisdiction of South Bend's executive. *See* Ind. Code § 36-4-9-4(b); Mun. Code of the City of South Bend, Ind. Ch. 2 Art. 4 sec 2-13(A)(8). It isn't a "separate" entity under Indiana law. *Sow*, 636 F.3d at 300; Ind. Code § 36-1-2-10. Therefore, the court also dismisses the claims against South Bend Code Enforcement.

Though it is usually appropriate to allow plaintiffs the opportunity to cure defective pleadings, *see Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013), such action is unnecessary when amendment would be futile or when there is a repeated failure to cure deficiencies. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). An amendment would be futile here when these entities cannot be sued under 42 U.S.C. § 1983, and when plaintiffs have already declined the granted opportunity to amend. This doesn't end the case though. They still have a claim remaining.

## CONCLUSION

Accordingly, the court GRANTS the South Bend Police Department and South Bend Code Enforcement's motion to dismiss [11], DISMISSES the plaintiffs' claims as to these two defendants, and DENIES the plaintiffs' motion to set a trial date [25], as the court will set a trial date in accordance with normal procedure nearer the end of discovery. The case proceeds against the St. Joseph County Prosecutor's Office.

SO ORDERED.

January 22, 2024                                   *s/ Damon R. Leichty*
                                                   Judge, United States District Court